**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

AT&T ADVERTISING, L.P.,
YP ADVERTISING & PUBLISHING LLC,
Tax Matters Partner,

        Complainant,

        v.

THE UNITED STATES,

        Defendant.

No. 16-272 T

**REDACTED EXHIBIT A TO COMPLAINT**
**FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER CODE SECTION 6226**

**Employer Identification Numbers of Parties**

AT&T Advertising, L.P.
Former EIN: ▮▮▮▮▮▮▮▮

YP Advertising & Publishing LLC
EIN: ▮▮▮▮▮▮▮▮

**IN THE UNITED STATES
COURT OF FEDERAL CLAIMS**

|  |  |
|---|---|
| AT&T ADVERTISING, L.P.,<br>YP ADVERTISING & PUBLISHING LLC,<br>Tax Matters Partner,<br><br>    Complainant,<br><br>    v.<br><br>THE UNITED STATES,<br><br>    Defendant. | No. 16-272 T |

**REDACTED EXHIBIT B TO COMPLAINT
FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER CODE SECTION 6226**

**FPAA for Partnership's taxable year ending December 31, 2005**



**Department of the Treasury
Internal Revenue Service**
Appeals Office
8701 S Gessner Road
Suite 750, Stop 8000HAL
Houston, TX 77074-2944

Date:   NOV 3 0 2015

Person to contact:
Kathleen A Lampignano
Employee ID number: 0699388
Telephone: 281-721-7259
Fax: 281-721-7181
Partnership ID number:

Tax year ended:
December 31, 2005

TAX MATTERS PARTNER
AT&T ADVERTISING, LP
(F/K/A SBC ADVERTISING, LP)
208 S AKARD ST #1810
DALLAS TX 75202-4606

Cert # 7008-0500-0002-2044.8145

## TMP Notice Of Final Partnership Administrative Adjustment

Dear Tax Matters Partner:

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year listed above, and to each partner who is entitled to receive this letter.

We determined that adjustments are necessary to certain partnership items for the partnership and tax year listed above. You are receiving this letter because you were identified as the Tax Matters Partner (TMP) for this tax year. Because we made adjustments to these items on the partnership return, these adjustments will flow to the partners' returns as well. The enclosed schedule of adjustments outlines the changes. We will provide a similar letter to those partners entitled to receive it.

The adjustments to the partnership items on the partnership return may include partnership level determinations on penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, contains the adjustments to the partnership return.

### What you need to do

### If you agree with the adjustments and want to bind the non-notice partners

As the TMP, you can enter into an agreement that binds yourself and non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. We will also send you a separate letter as a partner (if you are entitled to one), which you can sign if you only want to agree to your share of the adjustments and not bind the non-notice partners. For this purpose, a non-notice partner is a direct partner with less than a one percent interest in a partnership having more than 100 direct partners. You must add the following statement above the signature blocks on the Form 870-PT:

*The undersigned tax matters partner is signing this offer on behalf of himself (herself or itself) and all other partners whom he (she or it) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners.*

Letter 1830-F (11-2014)
Catalog Number 66692C

If you want to bind yourself and the non-notice partners to the partnership item adjustments, add the language above and sign and return the enclosed Form 870-PT within 150 days of the date of this letter.

We will send you a separate letter as a partner (if you are entitled to one), which you can sign if you only want to agree to your share of the adjustments and not bind the non-notice partners.

When you sign Form 870-PT to bind the non-notice partners, you are:

- Agreeing to the partnership item adjustments
- Agreeing that the non-notice partners are subject to any partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items
- Agreeing that the non-notice partners are subject to additional tax and interest resulting from their share of the adjustments to the partnership return
- Waiving the rights of the non-notice partners to participate in any administrative or judicial proceedings affecting the adjustment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts for the tax year in question.

This agreement is binding only if you sign and return Form 870-PT, and we sign on behalf of the Commissioner of the Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code Section 6229(f).

Within one year of that agreement date, all impacted non-notice partners will receive a final report as to what adjustments we made to their individual, partnership, or corporate returns with a total due or refund amount, including penalties and interest (if applicable).

Once both parties sign the agreement, non-notice partners can't file a claim to:

- Change the items in question
- Claim a refund or credit based on a readjustment

However, they can file a claim to raise:

- Math errors
- Partner level defenses to partnership level determinations of penalties

**If you don't agree with the adjustments**
As the partnership TMP, if you want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner can file a petition for judicial review.

You can file your petition for readjustment of partnership items with one of the following courts:

- United States Tax Court
- United States Court of Federal Claims
- District Court of the United States, in the district of the partnership's principal place of business

**Letter 1830-F (11-2014)**
Catalog Number 66692C

A petition the TMP files in the first 90 days precludes all other actions and covers all partners still in the proceeding. If the TMP doesn't file a petition by the 90th day from the date we mailed the FPAA, any partner entitled to receive this letter, or any 5 percent group, can petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. Five percent groups must file the petition after the 90th day, but on or before the 150th day from the date we mailed the FPAA to the TMP. If more than one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed. All partners still subject to the partnership proceeding will be parties to the petition that is not dismissed. Petitions filed with the United States Tax Court must be mailed to:

> United States Tax Court
> 400 Second Street, NW
> Washington, DC 20217

When you mail the petition, you must attach a copy of this letter to the petition. The timeframe for filing a petition with the court is fixed by law, and the court can't consider your case if your petition is late.

**If you do nothing**
If neither you, as the TMP, nor any partner file a petition for readjustment in any of the courts listed in this letter, the FPAA becomes final, and we will bill all partners for any additional tax plus interest they may owe under the FPAA. Once final, the treatment of the partnership items of the partnership under the FPAA can't be contested in any refund claim or suit.

You may want to contact a tax advisor to discuss this matter.

If you have questions, you can contact the person listed at the top of this letter. If you write, enclose a copy of this letter and include your telephone number and the most convenient time for us to call if we need additional information.

Thank you for your cooperation.

> Sincerely,
>
> John A. Koskinen
> Commissioner
>
> By
>
> *Kathleen A. Lampignano*
> Kathleen A Lampignano
> Appeals Team Case Leader

Enclosures:
Schedule of Adjustments
Form 870-PT

**Letter 1830-F (11-2014)**
Catalog Number 66692C

| Form **870-PT**<br>(Rev. 4-2012)<br>For partnership<br>taxable years ending<br>after August 5, 1997 | Department of the Treasury — **Internal Revenue Service**<br>**Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY<br>REFER TO:<br>AP:AO:HOU:KAL |
|---|---|---|
| Taxpayer(s) name(s), address and zip code: | Name of Partnership: | Tax Year(s) Ended: |
| TAX MATTERS PARTNER<br>AT&T ADVERTISING, LP<br>(F/K/A SBC ADVERTISING, LP)<br>208 S. AKARD ST #1810<br>DALLAS TX 75202-4206<br><br>TIN: | AT&T ADVERTISING, LP (F/K/A SBC ADVERTISING, LP)<br><br>EIN:<br><br>Name of Tax Matters Partner: | 12/31/2005 |

## Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts & Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts

Under the provisions of  sections 6224(c) and 7121 of the Internal Revenue Code (IRC), the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached Schedule of Adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive(s) the restrictions provided by IRC sections 6225(a) and 6213(a) and consent(s) to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as set forth in the attached Schedule of Adjustments (plus any interest provided by law). IRC Section 6651 late filing penalty applies to any late filed (or non-filed) returns that are required to report the partnership item adjustments.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

Once the taxpayer signs such a waiver and it is countersigned by the Commissioner, the taxpayer cannot file an Administrative Adjustment Request (AAR) on any partnership items for the related TEFRA entity. This includes partnership items not specifically addressed on the attached Schedule of Adjustments.

| Signature of Taxpayer | | Date Signed | Phone Number |
|---|---|---|---|
| Signature of Taxpayer | | Date Signed | Phone Number |
| By (Signature and Title) | | Date Signed | Phone Number |
| **FOR INTERNAL REVENUE USE ONLY** | Date accepted for Commissioner | Signature | |
| | Office<br>Houston, TX | Title<br>Appeals Team Case Leader | |

# INSTRUCTIONS FOR SIGNING FORM 870-PT

1. Sign the agreement if you wish to agree to the partnership items *and partnership level determinations as to penalties, additions to tax, and additional amounts,* as shown on the attached Schedule of Adjustments. The execution and filing of this offer will expedite the adjustment of tax liability.

2. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

3. If the taxpayer is a corporation, the agreement should be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

4. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

5. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust. If the trustee is signing this agreement on behalf of the trust and all beneficiaries, a Form 56 must be signed by the trustee. If an individual beneficiary is signing the agreement to bind themselves to the agreement, no Form 56 is needed.

6. If the partner is an LLC, the agreement should be signed by the manager of the LLC or other authority as authorized by State law. The signature line should show: [Name of LLC], by [Name of Manager], Followed by the title [Manager].

7. For a partner who is a subsidiary corporation in a consolidated group:

   • If the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning before June 28, 2002, the agreement should be signed by a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for the relevant consolidated return year(s). The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the common parent corporation, should be displayed in the signature block. See Treas. Reg. § 1.1502-77A(a).

   • If the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning on or after June 28, 2002, then a currently authorized officer of the subsidiary corporation should sign the agreement and should do so in the name of the subsidiary corporation. See Treas. Reg. § 1.1502-77(a)(6)(iii). The signature and title of a current officer of the subsidiary corporation, who is authorized to bind the corporation, should be displayed in the signature block. The agreement should also be signed by a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for the relevant consolidated return year(s). The signature and title of a current officer of the common parent corporation, who is authorized to bind the common parent corporation, should also be displayed in the signature block.

8. For a partner who is the common parent corporation of a consolidated group, a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for such consolidated return year(s) should sign the agreement in the name of the common parent corporation. See Treas. Reg. § 1.1502-77(a).

9. If the Tax Matters Partner signs this offer, please include the title with the signature.

10. If the Tax Matters Partner is a subsidiary corporation in a consolidated group:

    • If the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning before June 28, 2002, then a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for such consolidated return year should sign the agreement on behalf of the Tax Matters Partner. The signature and title of a current officer of the common parent corporation, who is authorized to bind the common parent corporation, should be displayed in the signature block. See Treas. Reg. § 1.1502-77A(a). An authorized officer for the subsidiary corporation should also sign if it, as the Tax Matters Partner, is binding non-notice partners under the agreement. The signature and title of a current officer of the subsidiary corporation, who is authorized to bind the corporation, should be displayed in the signature block.

    • If the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning on or after June 28, 2002, then a currently authorized officer of the subsidiary corporation should sign the agreement in the name of the subsidiary corporation. See Treas. Reg. § 1.1502-77(a)(3)(v). The agreement should also be signed by a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for the relevant consolidated return year(s). The signature and title of a current officer of the common parent corporation, who is authorized to bind the common parent corporation, should also be displayed in the signature block.

NOTE: The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

Department of the Treasury — **Internal Revenue Service**

## Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts

### SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| AT&T ADVERTISING, LP (F/K/A SBC ADVERTISING, LP)<br><br>EIN ▊▊▊▊▊▊ | 12/31/2005 | | |

| DETAIL OF ADJUSTMENTS TO ORDINARY INCOME | | | |
|---|---|---|---|
| (1) Bad Debts<br>　Per Return　　$195,787,019.00<br>　As Corrected　$69,371,017.00<br>　Adjustment　　$126,416,002.00 | $126,416,002.00 | | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | $126,416,002.00 | | |
| OTHER ADJUSTMENTS | ███████████ | | |
| A. (2) Sch K - Line 13d - Code T - Domestic Production Gross Receipts - DPGR | | | |
| (1) ADJUSTMENT | ($2,199,419,258.00) | | |
| (2) AS REPORTED | $2,199,419,258.00 | | |
| (3) CORRECTED | $0.00 | | |
| B. (2) Sch K - Line 13d - Code T - Expenses Directly Allocable to DPGR | ████ | | ████ |
| (1) ADJUSTMENT | $1,077,049,584.00 | | |
| (2) AS REPORTED | $1,077,049,584.00 | | |
| (3) CORRECTED | $0.00 | | |

REMARKS

All items not shown on this schedule of adjustments are accepted as filed.

| Form 886-A<br>(Rev. May 1980) | Department of the Treasury – Internal Revenue Service<br>**EXPLANATION OF ADJUSTMENTS** | Schedule No. |
|---|---|---|
| Name of Taxpayer(s)<br><br>AT&T ADVERTISING LP | | Year/Period<br><br>12/31/2005 |

**(1) Bad Debts**

It is determined that for the taxable year ended 12/31/2005, AT&T Advertising LP (the Partnership) had bad debt expense of $69,371,017 rather than $195,787,019 as shown on its 2005 tax return, resulting in an increase to taxable (ordinary) income in the amount of $126,416,002, because you have not shown that you incurred this expense under I.R.C. § 166, I.R.C. § 162, or any other Code Section for tax year 2005.

**(2) Domestic Production Gross Receipts and Expenses Directly Allocable to DPGR**

It is determined that for the taxable year ended 12/31/2005, AT&T Advertising LP (the Partnership) improperly designated $1,122,369,674 ($2,199,419,258 in domestic production gross receipts (DPGR) less $1,077,049,584 in expenses directly allocable to DPGR) as qualified production activities income (QPAI) for purposes of I.R.C. § 199. It is further determined that the Partnership has not established that qualified production property (QPP) was manufactured, produced, grown and/or extracted by the Partnership within the meaning of I.R.C. § 199. It is further determined that the Partnership has not established that it meets all of the requirements for determining QPAI under I.R.C. § 199, or that the QPAI passed through to its partners is permissible under any section of the Internal Revenue Code.

Form **886-a**-C (Rev. 5/80)

**IN THE UNITED STATES
COURT OF FEDERAL CLAIMS**

|  |  |
|---|---|
| AT&T ADVERTISING, L.P., <br> YP ADVERTISING & PUBLISHING LLC, <br> Tax Matters Partner, <br><br>          Complainant, <br><br>          v. <br><br> THE UNITED STATES, <br><br>          Defendant. | No. 16-272 T |

**REDACTED EXHIBIT C TO COMPLAINT
FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER CODE SECTION 6226**

**FPAA for Partnership's taxable year ending December 31, 2006**



**Department of the Treasury**
**Internal Revenue Service**
Appeals Office
8701 S Gessner Road
Suite 750, Stop 8000HAL
Houston, TX 77074-2944

Date:        NOV 3 0 2015

Person to contact:
Kathleen A Lampignano
Employee ID number: 0699388
Telephone: 281-721-7259
Fax: 281-721-7181
Partnership ID number:

Tax year ended:
December 31, 2006

TAX MATTERS PARTNER
AT&T ADVERTISING, LP
(F/K/A SBC ADVERTISING, LP)
208 S AKARD ST #1810
DALLAS TX 75202-4206

*Cert # 7008-0500-0002-2044-8169*

### TMP Notice Of Final Partnership Administrative Adjustment

Dear Tax Matters Partner:

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year listed above, and to each partner who is entitled to receive this letter.

We determined that adjustments are necessary to certain partnership items for the partnership and tax year listed above. You are receiving this letter because you were identified as the Tax Matters Partner (TMP) for this tax year. Because we made adjustments to these items on the partnership return, these adjustments will flow to the partners' returns as well. The enclosed schedule of adjustments outlines the changes. We will provide a similar letter to those partners entitled to receive it.

The adjustments to the partnership items on the partnership return may include partnership level determinations on penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, contains the adjustments to the partnership return.

**What you need to do**

**If you agree with the adjustments and want to bind the non-notice partners**
As the TMP, you can enter into an agreement that binds yourself and non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. We will also send you a separate letter as a partner (if you are entitled to one), which you can sign if you only want to agree to your share of the adjustments and not bind the non-notice partners. For this purpose, a non-notice partner is a direct partner with less than a one percent interest in a partnership having more than 100 direct partners. You must add the following statement above the signature blocks on the Form 870-PT:

*The undersigned tax matters partner is signing this offer on behalf of himself (herself or itself) and all other partners whom he (she or it) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners.*

If you want to bind yourself and the non-notice partners to the partnership item adjustments, add the language above and sign and return the enclosed Form 870-PT within 150 days of the date of this letter.

We will send you a separate letter as a partner (if you are entitled to one), which you can sign if you only want to agree to your share of the adjustments and not bind the non-notice partners.

When you sign Form 870-PT to bind the non-notice partners, you are:

- Agreeing to the partnership item adjustments
- Agreeing that the non-notice partners are subject to any partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items
- Agreeing that the non-notice partners are subject to additional tax and interest resulting from their share of the adjustments to the partnership return
- Waiving the rights of the non-notice partners to participate in any administrative or judicial proceedings affecting the adjustment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts for the tax year in question.

This agreement is binding only if you sign and return Form 870-PT, and we sign on behalf of the Commissioner of the Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code Section 6229(f).

Within one year of that agreement date, all impacted non-notice partners will receive a final report as to what adjustments we made to their individual, partnership, or corporate returns with a total due or refund amount, including penalties and interest (if applicable).

Once both parties sign the agreement, non-notice partners can't file a claim to:

- Change the items in question
- Claim a refund or credit based on a readjustment

However, they can file a claim to raise:

- Math errors
- Partner level defenses to partnership level determinations of penalties

**If you don't agree with the adjustments**
As the partnership TMP, if you want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner can file a petition for judicial review.

You can file your petition for readjustment of partnership items with one of the following courts:

- United States Tax Court
- United States Court of Federal Claims
- District Court of the United States, in the district of the partnership's principal place of business

**Letter 1830-F (11-2014)**
Catalog Number 66692C

A petition the TMP files in the first 90 days precludes all other actions and covers all partners still in the proceeding. If the TMP doesn't file a petition by the 90th day from the date we mailed the FPAA, any partner entitled to receive this letter, or any 5 percent group, can petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. Five percent groups must file the petition after the 90th day, but on or before the 150th day from the date we mailed the FPAA to the TMP. If more than one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed. All partners still subject to the partnership proceeding will be parties to the petition that is not dismissed. Petitions filed with the United States Tax Court must be mailed to:

United States Tax Court
400 Second Street, NW
Washington, DC 20217

When you mail the petition, you must attach a copy of this letter to the petition. The timeframe for filing a petition with the court is fixed by law, and the court can't consider your case if your petition is late.

**If you do nothing**
If neither you, as the TMP, nor any partner file a petition for readjustment in any of the courts listed in this letter, the FPAA becomes final, and we will bill all partners for any additional tax plus interest they may owe under the FPAA. Once final, the treatment of the partnership items of the partnership under the FPAA can't be contested in any refund claim or suit.

You may want to contact a tax advisor to discuss this matter.

If you have questions, you can contact the person listed at the top of this letter. If you write, enclose a copy of this letter and include your telephone number and the most convenient time for us to call if we need additional information.

Thank you for your cooperation.

Sincerely,

John A. Koskinen
Commissioner

By

*Kathleen A. Lampignano*
Kathleen A Lampignano
Appeals Team Case Leader

Enclosures:
Schedule of Adjustments
Form 870-PT

Letter 1830-F (11-2014)
Catalog Number 66692C

| Form **870-PT**<br>(Rev. 4-2012)<br>For partnership<br>taxable years ending<br>after August 5, 1997 | Department of the Treasury — **Internal Revenue Service**<br>**Agreement for Partnership Items and Partnership Level**<br>**Determinations as to Penalties, Additions to Tax, and**<br>**Additional Amounts** | | IN REPLY<br>REFER TO:<br>AP:AO:HOU:KAL |
|---|---|---|---|
| Taxpayer(s) name(s), address and zip code:<br><br>TAX MATTERS PARTNER<br>AT&T ADVERTISING, LP<br>(F/K/A SBC ADVERTISING, LP)<br>208 S AKARD ST #1810<br>DALLAS TX 75202-4206<br><br>TIN: | Name of Partnership:<br><br>AT&T ADVERTISING, LP (F/K/A SBC<br>ADVERTISING, LP)<br><br>EIN: | | Tax Year(s) Ended:<br><br>12/31/2006 |
| | Name of Tax Matters Partner: | | |

### Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts & Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts

Under the provisions of sections 6224(c) and 7121 of the Internal Revenue Code (IRC), the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached Schedule of Adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive(s) the restrictions provided by IRC sections 6225(a) and 6213(a) and consent(s) to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as set forth in the attached Schedule of Adjustments (plus any interest provided by law). IRC Section 6651 late filing penalty applies to any late filed (or non-filed) returns that are required to report the partnership item adjustments.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

Once the taxpayer signs such a waiver and it is countersigned by the Commissioner, the taxpayer cannot file an Administrative Adjustment Request (AAR) on any partnership items for the related TEFRA entity. This includes partnership items not specifically addressed on the attached Schedule of Adjustments.

| Signature of Taxpayer | Date Signed | Phone Number |
|---|---|---|
| Signature of Taxpayer | Date Signed | Phone Number |
| By (Signature and Title) | Date Signed | Phone Number |

| FOR<br>INTERNAL<br>REVENUE<br>USE ONLY | Date accepted for Commissioner | Signature | |
|---|---|---|---|
| | Office<br>Houston, TX | Title<br>Appeals Team Case Leader | |

## INSTRUCTIONS FOR SIGNING FORM 870-PT

1. Sign the agreement if you wish to agree to the partnership items *and partnership level determinations as to penalties, additions to tax, and additional amounts,* as shown on the attached Schedule of Adjustments. The execution and filing of this offer will expedite the adjustment of tax liability.

2. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

3. If the taxpayer is a corporation, the agreement should be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

4. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

5. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust. If the trustee is signing this agreement on behalf of the trust and all beneficiaries, a Form 56 must be signed by the trustee. If an individual beneficiary is signing the agreement to bind themselves to the agreement, no Form 56 is needed.

6. If the partner is an LLC, the agreement should be signed by the manager of the LLC or other authority as authorized by State law. The signature line should show: [Name of LLC], by [Name of Manager], Followed by the title [Manager].

7. For a partner who is a subsidiary corporation in a consolidated group:

   • If the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning before June 28, 2002, the agreement should be signed by a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for the relevant consolidated return year(s). The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the common parent corporation, should be displayed in the signature block. See Treas. Reg. § 1.1502-77A(a).

   • If the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning on or after June 28, 2002, then a currently authorized officer of the subsidiary corporation should sign the agreement and should do so in the name of the subsidiary corporation. See Treas. Reg. § 1.1502-77(a)(6)(iii). The signature and title of a current officer of the subsidiary corporation, who is authorized to bind the corporation, should be displayed in the signature block. The agreement should also be signed

by a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for the relevant consolidated return year(s). The signature and title of a current officer of the common parent corporation, who is authorized to bind the common parent corporation, should also be displayed in the signature block.

8. For a partner who is the common parent corporation of a consolidated group, a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for such consolidated return year(s) should sign the agreement in the name of the common parent corporation. See Treas. Reg. § 1.1502-77(a).

9. If the Tax Matters Partner signs this offer, please include the title with the signature.

10. If the Tax Matters Partner is a subsidiary corporation in a consolidated group:

    • If the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning before June 28, 2002, then a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for such consolidated return year should sign the agreement on behalf of the Tax Matters Partner. The signature and title of a current officer of the common parent corporation, who is authorized to bind the common parent corporation, should be displayed in the signature block. See Treas. Reg. § 1.1502-77A(a). An authorized officer for the subsidiary corporation should also sign if it, as the Tax Matters Partner, is binding non-notice partners under the agreement. The signature and title of a current officer of the subsidiary corporation, who is authorized to bind the corporation, should be displayed in the signature block

    • If the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning on or after June 28, 2002, then a currently authorized officer of the subsidiary corporation should sign the agreement in the name of the subsidiary corporation. See Treas. Reg. § 1.1502-77(a)(3)(v). The agreement should also be signed by a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for the relevant consolidated return year(s). The signature and title of a current officer of the common parent corporation, who is authorized to bind the common parent corporation, should also be displayed in the signature block.

**NOTE:** The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

Department of the Treasury — Internal Revenue Service

## Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts

### SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| AT&T ADVERTISING, LP (F/K/A SBC ADVERTISING, LP)<br><br>EIN | 12/31/2006 | | |
| DETAIL OF ADJUSTMENTS TO ORDINARY INCOME | | | |
| | | | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | $0.00 | | |
| OTHER ADJUSTMENTS | | | |
| A. (1) Sch K - Line 13d - Code T - Domestic Production Gross Receipts - DPGR | | | |
| (1) ADJUSTMENT | ($2,172,743,827.00) | | |
| (2) AS REPORTED | $2,172,743,827.00 | | |
| (3) CORRECTED | $0.00 | | |
| B. (1) Sch K - Line 13d - Code T - Expenses Directly Allocable to DPGR | | | |
| (1) ADJUSTMENT | $949,703,604.00 | | |
| (2) AS REPORTED | $949,703,604.00 | | |
| (3) CORRECTED | $0.00 | | |

REMARKS

All items not shown on this schedule of adjustments are accepted as filed.

| Form **886-A**<br>(Rev. May 1980) | Department of the Treasury - Internal Revenue Service<br>**EXPLANATION OF ADJUSTMENTS** | Schedule No. |
|---|---|---|
| Name of Taxpayer(s)<br><br>AT&T ADVERTISING LP | | Year/Period<br><br>12/31/2006 |

## (1) Domestic Production Gross Receipts and Expenses Directly Allocable to DPGR

It is determined that for the taxable year ended 12/31/2006, AT&T Advertising LP (the Partnership) improperly designated $1,223,040,223 ($2,172,743,827 in domestic production gross receipts (DPGR) less $949,703,604 in expenses directly allocable to DPGR) as qualified production activities income (QPAI) for purposes of I.R.C. § 199. It is further determined that the Partnership has not established that qualified production property (QPP) was manufactured, produced, grown and/or extracted by the Partnership within the meaning of I.R.C. § 199. It is further determined that the Partnership has not established that it meets all of the requirements for determining QPAI under I.R.C. § 199, or that the QPAI passed through to its partners is permissible under any section of the Internal Revenue Code.

**IN THE UNITED STATES
COURT OF FEDERAL CLAIMS**

AT&T ADVERTISING, L.P.,
YP ADVERTISING & PUBLISHING LLC,
Tax Matters Partner,

                Complainant,

                v.

THE UNITED STATES,

                Defendant.

No. 16-272 T

**REDACTED EXHIBIT D TO COMPLAINT
FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER CODE SECTION 6226**

**FPAA for Partnership's taxable year ending December 31, 2007**



**Department of the Treasury**
**Internal Revenue Service**
Appeals Office
8701 S Gessner Road
Suite 750, Stop 8000HAL
Houston, TX 77074-2944

**Date:** NOV 3 0 2015

**Person to contact:**
Kathleen A Lampignano
Employee ID number: 0699388
Telephone: 281-721-7259
Fax: 281-721-7181
**Partnership ID number:**

TAX MATTERS PARTNER
AT&T ADVERTISING, LP
(FKA SBC ADVERTISING, LP)
208 S AKARD ST #1810
DALLAS TX 75202-4206

**Tax year ended:**
December 31, 2007

Cert # 7008-0500-0002-2044-8213

## TMP Notice Of Final Partnership Administrative Adjustment

Dear Tax Matters Partner:

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year listed above, and to each partner who is entitled to receive this letter.

We determined that adjustments are necessary to certain partnership items for the partnership and tax year listed above. You are receiving this letter because you were identified as the Tax Matters Partner (TMP) for this tax year. Because we made adjustments to these items on the partnership return, these adjustments will flow to the partners' returns as well. The enclosed schedule of adjustments outlines the changes. We will provide a similar letter to those partners entitled to receive it.

The adjustments to the partnership items on the partnership return may include partnership level determinations on penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, contains the adjustments to the partnership return.

**What you need to do**

### If you agree with the adjustments and want to bind the non-notice partners

As the TMP, you can enter into an agreement that binds yourself and non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. We will also send you a separate letter as a partner (if you are entitled to one), which you can sign if you only want to agree to your share of the adjustments and not bind the non-notice partners. For this purpose, a non-notice partner is a direct partner with less than a one percent interest in a partnership having more than 100 direct partners. You must add the following statement above the signature blocks on the Form 870-PT:

*The undersigned tax matters partner is signing this offer on behalf of himself (herself or itself) and all other partners whom he (she or it) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners.*

**Letter 1830-F (11-2014)**
Catalog Number 66692C

If you want to bind yourself and the non-notice partners to the partnership item adjustments, add the language above and sign and return the enclosed Form 870-PT within 150 days of the date of this letter.

We will send you a separate letter as a partner (if you are entitled to one), which you can sign if you only want to agree to your share of the adjustments and not bind the non-notice partners.

When you sign Form 870-PT to bind the non-notice partners, you are:

- Agreeing to the partnership item adjustments
- Agreeing that the non-notice partners are subject to any partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items
- Agreeing that the non-notice partners are subject to additional tax and interest resulting from their share of the adjustments to the partnership return
- Waiving the rights of the non-notice partners to participate in any administrative or judicial proceedings affecting the adjustment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts for the tax year in question.

This agreement is binding only if you sign and return Form 870-PT, and we sign on behalf of the Commissioner of the Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code Section 6229(f).

Within one year of that agreement date, all impacted non-notice partners will receive a final report as to what adjustments we made to their individual, partnership, or corporate returns with a total due or refund amount, including penalties and interest (if applicable).

Once both parties sign the agreement, non-notice partners can't file a claim to:

- Change the items in question
- Claim a refund or credit based on a readjustment

However, they can file a claim to raise:

- Math errors
- Partner level defenses to partnership level determinations of penalties

### If you don't agree with the adjustments

As the partnership TMP, if you want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner can file a petition for judicial review.

You can file your petition for readjustment of partnership items with one of the following courts:

- United States Tax Court
- United States Court of Federal Claims
- District Court of the United States, in the district of the partnership's principal place of business

Letter 1830-F (11-2014)
Catalog Number 66692C

A petition the TMP files in the first 90 days precludes all other actions and covers all partners still in the proceeding. If the TMP doesn't file a petition by the 90th day from the date we mailed the FPAA, any partner entitled to receive this letter, or any 5 percent group, can petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. Five percent groups must file the petition after the 90th day, but on or before the 150th day from the date we mailed the FPAA to the TMP. If more than one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed. All partners still subject to the partnership proceeding will be parties to the petition that is not dismissed. Petitions filed with the United States Tax Court must be mailed to:

> United States Tax Court
> 400 Second Street, NW
> Washington, DC 20217

When you mail the petition, you must attach a copy of this letter to the petition. The timeframe for filing a petition with the court is fixed by law, and the court can't consider your case if your petition is late.

**If you do nothing**
If neither you, as the TMP, nor any partner file a petition for readjustment in any of the courts listed in this letter, the FPAA becomes final, and we will bill all partners for any additional tax plus interest they may owe under the FPAA. Once final, the treatment of the partnership items of the partnership under the FPAA can't be contested in any refund claim or suit.

You may want to contact a tax advisor to discuss this matter.

If you have questions, you can contact the person listed at the top of this letter. If you write, enclose a copy of this letter and include your telephone number and the most convenient time for us to call if we need additional information.

Thank you for your cooperation.

> Sincerely,
>
> John A. Koskinen
> Commissioner
>
> By
>
> *Kathleen A. Lampignano*
> Kathleen A Lampignano
> Appeals Team Case Leader

Enclosures:
Schedule of Adjustments
Form 870-PT

**Letter 1830-F (11-2014)**
Catalog Number 66692C

| Form **870-PT** (Rev. 4-2012) For partnership taxable years ending after August 5, 1997 | Department of the Treasury — **Internal Revenue Service** **Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO: AP:AO:HOU:KAL |
|---|---|---|
| Taxpayer(s) name(s), address and zip code: TAX MATTERS PARTNER AT&T ADVERTISING, LP (FKA SBC ADVERTISING, LP) 208 S AKARD ST #1810 DALLAS TX 75202-4206 TIN: | Name of Partnership: AT&T ADVERTISING LP (FKA SBC ADVERTISING, LP) EIN: | Tax Year(s) Ended: 12/31/2007 |
| | Name of Tax Matters Partner: | |

### Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts & Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts

Under the provisions of sections 6224(c) and 7121 of the Internal Revenue Code (IRC), the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached Schedule of Adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive(s) the restrictions provided by IRC sections 6225(a) and 6213(a) and consent(s) to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as set forth in the attached Schedule of Adjustments (plus any interest provided by law). IRC Section 6651 late filing penalty applies to any late filed (or non-filed) returns that are required to report the partnership item adjustments.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

Once the taxpayer signs such a waiver and it is countersigned by the Commissioner, the taxpayer cannot file an Administrative Adjustment Request (AAR) on any partnership items for the related TEFRA entity. This includes partnership items not specifically addressed on the attached Schedule of Adjustments.

| Signature of Taxpayer | Date Signed | Phone Number |
|---|---|---|
| Signature of Taxpayer | Date Signed | Phone Number |
| By (Signature and Title) | Date Signed | Phone Number |

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature | |
|---|---|---|---|
| | Office Houston, TX | Title Appeals Team Case Leader | |

# INSTRUCTIONS FOR SIGNING FORM 870-PT

1. Sign the agreement if you wish to agree to the partnership items *and partnership level determinations as to penalties, additions to tax, and additional amounts,* as shown on the attached Schedule of Adjustments. The execution and filing of this offer will expedite the adjustment of tax liability.

2. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

3. If the taxpayer is a corporation, the agreement should be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

4. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

5. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust. If the trustee is signing this agreement on behalf of the trust and all beneficiaries, a Form 56 must be signed by the trustee. If an individual beneficiary is signing the agreement to bind themselves to the agreement, no Form 56 is needed.

6. If the partner is an LLC, the agreement should be signed by the manager of the LLC or other authority as authorized by State law. The signature line should show: [Name of LLC], by [Name of Manager], Followed by the title [Manager].

7. For a partner who is a subsidiary corporation in a consolidated group:

   • If the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning before June 28, 2002, the agreement should be signed by a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for the relevant consolidated return year(s). The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the common parent corporation, should be displayed in the signature block. See Treas. Reg. § 1.1502-77A(a).

   • If the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning on or after June 28, 2002, then a currently authorized officer of the subsidiary corporation should sign the agreement and should do so in the name of the subsidiary corporation. See Treas. Reg. § 1.1502-77(a)(6)(iii). The signature and title of a current officer of the subsidiary corporation, who is authorized to bind the corporation, should be displayed in the signature block. The agreement should also be signed by a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for the relevant consolidated return year(s). The signature and title of a current officer of the common parent corporation, who is authorized to bind the common parent corporation, should also be displayed in the signature block.

8. For a partner who is the common parent corporation of a consolidated group, a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for such consolidated return year(s) should sign the agreement in the name of the common parent corporation. See Treas. Reg. § 1.1502-77(a).

9. If the Tax Matters Partner signs this offer, please include the title with the signature.

10. If the Tax Matters Partner is a subsidiary corporation in a consolidated group:

    • If the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning before June 28, 2002, then a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for such consolidated return year should sign the agreement on behalf of the Tax Matters Partner. The signature and title of a current officer of the common parent corporation, who is authorized to bind the common parent corporation, should be displayed in the signature block. See Treas. Reg. § 1.1502-77A(a). An authorized officer for the subsidiary corporation should also sign if it, as the Tax Matters Partner, is binding non-notice partners under the agreement. The signature and title of a current officer of the subsidiary corporation, who is authorized to bind the corporation, should be displayed in the signature block.

    • If the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning on or after June 28, 2002, then a currently authorized officer of the subsidiary corporation should sign the agreement in the name of the subsidiary corporation. See Treas. Reg. § 1.1502-77(a)(3)(v). The agreement should also be signed by a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for the relevant consolidated return year(s). The signature and title of a current officer of the common parent corporation, who is authorized to bind the common parent corporation, should also be displayed in the signature block.

**NOTE:** The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

Department of the Treasury — Internal Revenue Service

## Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts

### SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| AT&T ADVERTISING LP (FKA SBC ADVERTISING, LP)<br><br>EIN | 12/31/2007 | | |

| DETAIL OF ADJUSTMENTS TO ORDINARY INCOME | | | |
|---|---|---|---|
| | | | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | $0.00 | | |
| OTHER ADJUSTMENTS | | | |
| A. (1) Sch K - Line 13d - Code T - Domestic Production Gross Receipts - DPGR | | | |
| (1) ADJUSTMENT | ($2,067,240,147.00) | | |
| (2) AS REPORTED | $2,067,240,147.00 | | |
| (3) CORRECTED | $0.00 | | |
| B. (1) Sch K - Line 13d - Code T - Expenses Directly Allocable to DPGR | | | |
| (1) ADJUSTMENT | $913,573,893.00 | | |
| (2) AS REPORTED | $913,573,893.00 | | |
| (3) CORRECTED | $0.00 | | |

REMARKS

All items not shown on this schedule of adjustments are accepted as filed.

| Form **886-A**<br>(Rev. May 1980) | Department of the Treasury - Internal Revenue Service<br>**EXPLANATION OF ADJUSTMENTS** | Schedule No. |
|---|---|---|
| Name of Taxpayer(s)<br><br>AT&T ADVERTISING LP | | Year/Period<br><br>12/31/2007 |

**(1) Domestic Production Gross Receipts and Expenses Directly Allocable to DPGR**

It is determined that for the taxable year ended 12/31/2007, AT&T Advertising LP (the Partnership) improperly designated $1,153,666,254 ($2,067,240,147 in domestic production gross receipts (DPGR) less $913,573,893 in expenses directly allocable to DPGR) as qualified production activities income (QPAI) for purposes of I.R.C. § 199. It is further determined that the Partnership has not established that qualified production property (QPP) was manufactured, produced, grown and/or extracted by the Partnership within the meaning of I.R.C. § 199. It is further determined that the Partnership has not established that it meets all of the requirements for determining QPAI under I.R.C. § 199, or that the QPAI passed through to its partners is permissible under any section of the Internal Revenue Code.

Form **886-a-**C (Rev. 5/80)

**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

AT&T ADVERTISING, L.P.,
YP ADVERTISING & PUBLISHING LLC,
Tax Matters Partner,

          Complainant,

          v.

THE UNITED STATES,

          Defendant.

No. 16-272 T

**REDACTED EXHIBIT E TO COMPLAINT**
**FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER CODE SECTION 6226**

**FPAA for Partnership's taxable year ending December 31, 2008**



**Department of the Treasury
Internal Revenue Service**
Appeals Office
8701 S Gessner Road
Suite 750, Stop 8000HAL
Houston, TX 77074-2944

TAX MATTERS PARTNER
AT&T ADVERTISING, LP
(FKA SBC ADVERTISING, LP)
208 S AKARD ST #1810
DALLAS TX 75202-4206

Date: NOV 3 0 2015

Person to contact:
Kathleen A Lampignano
Employee ID number: 0699388
Telephone: 281-721-7259
Fax: 281-721-7181
Partnership ID number:

Tax year ended:
December 31, 2008

Cert # 7008-0500-0002-2044-2244

## TMP Notice Of Final Partnership Administrative Adjustment

Dear Tax Matters Partner:

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year listed above, and to each partner who is entitled to receive this letter.

We determined that adjustments are necessary to certain partnership items for the partnership and tax year listed above. You are receiving this letter because you were identified as the Tax Matters Partner (TMP) for this tax year. Because we made adjustments to these items on the partnership return, these adjustments will flow to the partners' returns as well. The enclosed schedule of adjustments outlines the changes. We will provide a similar letter to those partners entitled to receive it.

The adjustments to the partnership items on the partnership return may include partnership level determinations on penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, contains the adjustments to the partnership return.

### What you need to do

### If you agree with the adjustments and want to bind the non-notice partners

As the TMP, you can enter into an agreement that binds yourself and non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. We will also send you a separate letter as a partner (if you are entitled to one), which you can sign if you only want to agree to your share of the adjustments and not bind the non-notice partners. For this purpose, a non-notice partner is a direct partner with less than a one percent interest in a partnership having more than 100 direct partners. You must add the following statement above the signature blocks on the Form 870-PT:

*The undersigned tax matters partner is signing this offer on behalf of himself (herself or itself) and all other partners whom he (she or it) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners.*

**Letter 1830-F (11-2014)**
Catalog Number 66692C

If you want to bind yourself and the non-notice partners to the partnership item adjustments, add the language above and sign and return the enclosed Form 870-PT within 150 days of the date of this letter.

We will send you a separate letter as a partner (if you are entitled to one), which you can sign if you only want to agree to your share of the adjustments and not bind the non-notice partners.

When you sign Form 870-PT to bind the non-notice partners, you are:

- Agreeing to the partnership item adjustments
- Agreeing that the non-notice partners are subject to any partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items
- Agreeing that the non-notice partners are subject to additional tax and interest resulting from their share of the adjustments to the partnership return
- Waiving the rights of the non-notice partners to participate in any administrative or judicial proceedings affecting the adjustment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts for the tax year in question.

This agreement is binding only if you sign and return Form 870-PT, and we sign on behalf of the Commissioner of the Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code Section 6229(f).

Within one year of that agreement date, all impacted non-notice partners will receive a final report as to what adjustments we made to their individual, partnership, or corporate returns with a total due or refund amount, including penalties and interest (if applicable).

Once both parties sign the agreement, non-notice partners can't file a claim to:

- Change the items in question
- Claim a refund or credit based on a readjustment

However, they can file a claim to raise:

- Math errors
- Partner level defenses to partnership level determinations of penalties

**If you don't agree with the adjustments**
As the partnership TMP, if you want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner can file a petition for judicial review.

You can file your petition for readjustment of partnership items with one of the following courts:

- United States Tax Court
- United States Court of Federal Claims
- District Court of the United States, in the district of the partnership's principal place of business

**Letter 1830-F (11-2014)**
Catalog Number 66692C

A petition the TMP files in the first 90 days precludes all other actions and covers all partners still in the proceeding. If the TMP doesn't file a petition by the 90th day from the date we mailed the FPAA, any partner entitled to receive this letter, or any 5 percent group, can petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. Five percent groups must file the petition after the 90th day, but on or before the 150th day from the date we mailed the FPAA to the TMP. If more than one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed. All partners still subject to the partnership proceeding will be parties to the petition that is not dismissed. Petitions filed with the United States Tax Court must be mailed to:

> United States Tax Court
> 400 Second Street, NW
> Washington, DC 20217

When you mail the petition, you must attach a copy of this letter to the petition. The timeframe for filing a petition with the court is fixed by law, and the court can't consider your case if your petition is late.

**If you do nothing**
If neither you, as the TMP, nor any partner file a petition for readjustment in any of the courts listed in this letter, the FPAA becomes final, and we will bill all partners for any additional tax plus interest they may owe under the FPAA. Once final, the treatment of the partnership items of the partnership under the FPAA can't be contested in any refund claim or suit.

You may want to contact a tax advisor to discuss this matter.

If you have questions, you can contact the person listed at the top of this letter. If you write, enclose a copy of this letter and include your telephone number and the most convenient time for us to call if we need additional information.

Thank you for your cooperation.

> Sincerely,
>
> John A. Koskinen
> Commissioner
>
> By
>
> *Kathleen A. Lampignano*
> Kathleen A Lampignano
> Appeals Team Case Leader

Enclosures:
Schedule of Adjustments
Form 870-PT

**Letter 1830-F (11-2014)**
Catalog Number 66692C

| Form **870-PT**<br>(Rev. 4-2012)<br>For partnership<br>taxable years ending<br>after August 5, 1997 | Department of the Treasury — Internal Revenue Service<br>**Agreement for Partnership Items and Partnership Level<br>Determinations as to Penalties, Additions to Tax, and<br>Additional Amounts** | IN REPLY<br>REFER TO:<br>AP:AO:HOU:KAL |
|---|---|---|
| Taxpayer(s) name(s), address and zip code:<br><br>TAX MATTERS PARTNER<br>AT&T ADVERTISING, LP<br>(FKA SBC ADVERTISING, LP)<br>208 S AKARD ST #1810<br>DALLAS TX 75202-4206<br><br><br>TIN: | Name of Partnership:<br><br>AT&T ADVERTISING LP (FKA SBC<br>ADVERTISING, LP)<br><br>EIN:<br><br>Name of Tax Matters Partner: | Tax Year(s) Ended:<br><br>12/31/2008 |

### Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts & Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts

Under the provisions of sections 6224(c) and 7121 of the Internal Revenue Code (IRC), the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached Schedule of Adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive(s) the restrictions provided by IRC sections 6225(a) and 6213(a) and consent(s) to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as set forth in the attached Schedule of Adjustments (plus any interest provided by law). IRC Section 6651 late filing penalty applies to any late filed (or non-filed) returns that are required to report the partnership item adjustments.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

Once the taxpayer signs such a waiver and it is countersigned by the Commissioner, the taxpayer cannot file an Administrative Adjustment Request (AAR) on any partnership items for the related TEFRA entity. This includes partnership items not specifically addressed on the attached Schedule of Adjustments.

| Signature of Taxpayer | Date Signed | Phone Number |
|---|---|---|
| Signature of Taxpayer | Date Signed | Phone Number |
| By (Signature and Title) | Date Signed | Phone Number |

| FOR<br>INTERNAL<br>REVENUE<br>USE ONLY | Date accepted for Commissioner | Signature | |
|---|---|---|---|
| | Office | Title | |
| | Houston, TX | Appeals Team Case Leader | |

# INSTRUCTIONS FOR SIGNING FORM 870-PT

1. Sign the agreement if you wish to agree to the partnership items *and partnership level determinations as to penalties, additions to tax, and additional amounts,* as shown on the attached Schedule of Adjustments. The execution and filing of this offer will expedite the adjustment of tax liability.

2. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

3. If the taxpayer is a corporation, the agreement should be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

4. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

5. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust. If the trustee is signing this agreement on behalf of the trust and all beneficiaries, a Form 56 must be signed by the trustee. If an individual beneficiary is signing the agreement to bind themselves to the agreement, no Form 56 is needed.

6. If the partner is an LLC, the agreement should be signed by the manager of the LLC or other authority as authorized by State law. The signature line should show: [Name of LLC], by [Name of Manager], Followed by the title [Manager].

7. For a partner who is a subsidiary corporation in a consolidated group:

   • If the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning before June 28, 2002, the agreement should be signed by a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for the relevant consolidated return year(s). The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the common parent corporation, should be displayed in the signature block. See Treas. Reg. § 1.1502-77A(a).

   • If the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning on or after June 28, 2002, then a currently authorized officer of the subsidiary corporation should sign the agreement and should do so in the name of the subsidiary corporation. See Treas. Reg. § 1.1502-77(a)(6)(iii). The signature and title of a current officer of the subsidiary corporation, who is authorized to bind the corporation, should be displayed in the signature block. The agreement should also be signed by a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for the relevant consolidated return year(s). The signature and title of a current officer of the common parent corporation, who is authorized to bind the common parent corporation, should also be displayed in the signature block.

8. For a partner who is the common parent corporation of a consolidated group, a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for such consolidated return year(s) should sign the agreement in the name of the common parent corporation. See Treas. Reg. § 1.1502-77(a).

9. If the Tax Matters Partner signs this offer, please include the title with the signature.

10. If the Tax Matters Partner is a subsidiary corporation in a consolidated group:

    • If the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning before June 28, 2002, then a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for such consolidated return year should sign the agreement on behalf of the Tax Matters Partner. The signature and title of a current officer of the common parent corporation, who is authorized to bind the common parent corporation, should be displayed in the signature block. See Treas. Reg. § 1.1502-77A(a). An authorized officer for the subsidiary corporation should also sign if it, as the Tax Matters Partner, is binding non-notice partners under the agreement. The signature and title of a current officer of the subsidiary corporation, who is authorized to bind the corporation, should be displayed in the signature block

    • If the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning on or after June 28, 2002, then a currently authorized officer of the subsidiary corporation should sign the agreement in the name of the subsidiary corporation. See Treas. Reg. § 1.1502-77(a)(3)(v). The agreement should also be signed by a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for the relevant consolidated return year(s). The signature and title of a current officer of the common parent corporation, who is authorized to bind the common parent corporation, should also be displayed in the signature block.

**NOTE:** The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

Department of the Treasury — **Internal Revenue Service**

## Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts

### SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| AT&T ADVERTISING LP (FKA SBC ADVERTISING, LP) | 12/31/2008 | | |
| EIN | | | |

| DETAIL OF ADJUSTMENTS TO ORDINARY INCOME | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | $0.00 | | |

| OTHER ADJUSTMENTS | | | |
|---|---|---|---|
| A. (1) Sch K - Line 13d - Code T - Domestic Production Gross Receipts - DPGR | | | |
| (1) ADJUSTMENT | ($1,864,618,492.00) | | |
| (2) AS REPORTED | $1,864,618,492.00 | | |
| (3) CORRECTED | $0.00 | | |
| B. (1) Sch K - Line 13d - Code T - Expenses Directly Allocable to DPGR | | | |
| (1) ADJUSTMENT | $825,282,896.00 | | |
| (2) AS REPORTED | $825,282,896.00 | | |
| (3) CORRECTED | $0.00 | | |

REMARKS

All items not shown on this schedule of adjustments are accepted as filed.

| Form **886-A**<br>(Rev. May 1980) | Department of the Treasury - Internal Revenue Service<br>**EXPLANATION OF ADJUSTMENTS** | Schedule No. |
|---|---|---|
| Name of Taxpayer(s)<br><br>AT&T ADVERTISING LP | | Year/Period<br><br>12/31/2008 |

**(1)  Domestic Production Gross Receipts and Expenses Directly Allocable to DPGR**

It is determined that for the taxable year ended 12/31/2008, AT&T Advertising LP (the Partnership) improperly designated $1,039,335,596 ($1,864,618,492 in domestic production gross receipts (DPGR) less $825,282,896 in expenses directly allocable to DPGR) as qualified production activities income (QPAI) for purposes of I.R.C. § 199.  It is further determined that the Partnership has not established that qualified production property (QPP) was manufactured, produced, grown and/or extracted by the Partnership within the meaning of I.R.C. § 199.  It is further determined that the Partnership has not established that it meets all of the requirements for determining QPAI under I.R.C. § 199, or that the QPAI passed through to its partners is permissible under any section of the Internal Revenue Code.

Form **886-a**-C (Rev. 5/80)

**IN THE UNITED STATES
COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AT&T ADVERTISING, L.P.,<br>YP ADVERTISING & PUBLISHING LLC,<br>Tax Matters Partner,<br><br>　　　　　　Complainant,<br><br>　　　　v.<br><br>THE UNITED STATES,<br><br>　　　　　　Defendant. | No. 16-272 T |

**REDACTED EXHIBIT F TO COMPLAINT
FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER CODE SECTION 6226**

**FPAA for Partnership's taxable year ending December 31, 2009**

 **Department of the Treasury**
**Internal Revenue Service**
Appeals Office
**IRS** 8701 S Gessner Road
Suite 750, Stop 8000HAL
Houston, TX 77074-2944

**Date:** DEC 2 1 2015

**Person to contact:**
Kathleen A Lampignano
Employee ID number: 0699388
Telephone: 281-721-7259
Fax: 281-721-7181
**Partnership ID number:**

TAX MATTERS PARTNER
AT&T ADVERTISING, LP
(FKA SBC ADVERTISING, LP)
208 S AKARD ST #1810
DALLAS TX 75202-4206

**Tax year ended:**
December 31, 2009



## TMP Notice Of Final Partnership Administrative Adjustment

Dear Tax Matters Partner:

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year listed above, and to each partner who is entitled to receive this letter.

We determined that adjustments are necessary to certain partnership items for the partnership and tax year listed above. You are receiving this letter because you were identified as the Tax Matters Partner (TMP) for this tax year. Because we made adjustments to these items on the partnership return, these adjustments will flow to the partners' returns as well. The enclosed schedule of adjustments outlines the changes. We will provide a similar letter to those partners entitled to receive it.

The adjustments to the partnership items on the partnership return may include partnership level determinations on penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, contains the adjustments to the partnership return.

### What you need to do

### If you agree with the adjustments and want to bind the non-notice partners
As the TMP, you can enter into an agreement that binds yourself and non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. We will also send you a separate letter as a partner (if you are entitled to one), which you can sign if you only want to agree to your share of the adjustments and not bind the non-notice partners. For this purpose, a non-notice partner is a direct partner with less than a one percent interest in a partnership having more than 100 direct partners. You must add the following statement above the signature blocks on the Form 870-PT:

*The undersigned tax matters partner is signing this offer on behalf of himself (herself or itself) and all other partners whom he (she or it) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners.*

**Letter 1830-F (11-2014)**
Catalog Number 66692C

If you want to bind yourself and the non-notice partners to the partnership item adjustments, add the language above and sign and return the enclosed Form 870-PT within 150 days of the date of this letter.

We will send you a separate letter as a partner (if you are entitled to one), which you can sign if you only want to agree to your share of the adjustments and not bind the non-notice partners.

When you sign Form 870-PT to bind the non-notice partners, you are:

- Agreeing to the partnership item adjustments
- Agreeing that the non-notice partners are subject to any partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items
- Agreeing that the non-notice partners are subject to additional tax and interest resulting from their share of the adjustments to the partnership return
- Waiving the rights of the non-notice partners to participate in any administrative or judicial proceedings affecting the adjustment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts for the tax year in question.

This agreement is binding only if you sign and return Form 870-PT, and we sign on behalf of the Commissioner of the Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code Section 6229(f).

Within one year of that agreement date, all impacted non-notice partners will receive a final report as to what adjustments we made to their individual, partnership, or corporate returns with a total due or refund amount, including penalties and interest (if applicable).

Once both parties sign the agreement, non-notice partners can't file a claim to:

- Change the items in question
- Claim a refund or credit based on a readjustment

However, they can file a claim to raise:

- Math errors
- Partner level defenses to partnership level determinations of penalties

**If you don't agree with the adjustments**
As the partnership TMP, if you want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner can file a petition for judicial review.

You can file your petition for readjustment of partnership items with one of the following courts:

- United States Tax Court
- United States Court of Federal Claims
- District Court of the United States, in the district of the partnership's principal place of business

**Letter 1830-F (11-2014)**
Catalog Number 66692C

A petition the TMP files in the first 90 days precludes all other actions and covers all partners still in the proceeding. If the TMP doesn't file a petition by the 90th day from the date we mailed the FPAA, any partner entitled to receive this letter, or any 5 percent group, can petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. Five percent groups must file the petition after the 90th day, but on or before the 150th day from the date we mailed the FPAA to the TMP. If more than one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed. All partners still subject to the partnership proceeding will be parties to the petition that is not dismissed. Petitions filed with the United States Tax Court must be mailed to:

United States Tax Court
400 Second Street, NW
Washington, DC 20217

When you mail the petition, you must attach a copy of this letter to the petition. The timeframe for filing a petition with the court is fixed by law, and the court can't consider your case if your petition is late.

**If you do nothing**
If neither you, as the TMP, nor any partner file a petition for readjustment in any of the courts listed in this letter, the FPAA becomes final, and we will bill all partners for any additional tax plus interest they may owe under the FPAA. Once final, the treatment of the partnership items of the partnership under the FPAA can't be contested in any refund claim or suit.

You may want to contact a tax advisor to discuss this matter.

If you have questions, you can contact the person listed at the top of this letter. If you write, enclose a copy of this letter and include your telephone number and the most convenient time for us to call if we need additional information.

Thank you for your cooperation.

Sincerely,

John A. Koskinen
Commissioner

By

Kathleen A. Lampignano
Appeals Team Case Leader

Enclosures:
Schedule of Adjustments
Form 870-PT

**Letter 1830-F (11-2014)**
Catalog Number 66692C

| Form **870-PT** | Department of the Treasury — **Internal Revenue Service** | IN REPLY |
|---|---|---|
| (Rev. 4-2012) For partnership taxable years ending after August 5, 1997 | **Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | REFER TO: AP:AO:HOU:KAL |

| Taxpayer(s) name(s), address and zip code: | Name of Partnership: | Tax Year(s) Ended: |
|---|---|---|
| TAX MATTERS PARTNER AT&T ADVERTISING, LP (FKA SBC ADVERTISING, LP) 208 S AKARD ST #1810 DALLAS TX 75202-4206 TIN: | AT&T ADVERTISING LP (FKA SBC ADVERTISING, LP) EIN: | 12/31/2009 |
| | Name of Tax Matters Partner: | |

## Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts & Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts

Under the provisions of sections 6224(c) and 7121 of the Internal Revenue Code (IRC), the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached Schedule of Adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive(s) the restrictions provided by IRC sections 6225(a) and 6213(a) and consent(s) to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as set forth in the attached Schedule of Adjustments (plus any interest provided by law). IRC Section 6651 late filing penalty applies to any late filed (or non-filed) returns that are required to report the partnership item adjustments.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

Once the taxpayer signs such a waiver and it is countersigned by the Commissioner, the taxpayer cannot file an Administrative Adjustment Request (AAR) on any partnership items for the related TEFRA entity. This includes partnership items not specifically addressed on the attached Schedule of Adjustments.

| Signature of Taxpayer | Date Signed | Phone Number |
|---|---|---|
| Signature of Taxpayer | Date Signed | Phone Number |
| By (Signature and Title) | Date Signed | Phone Number |

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature | |
|---|---|---|---|
| | Office Houston, TX | Title Appeals Team Case Leader | |

# INSTRUCTIONS FOR SIGNING FORM 870-PT

1. Sign the agreement if you wish to agree to the partnership items *and partnership level determinations as to penalties, additions to tax, and additional amounts,* as shown on the attached Schedule of Adjustments. The execution and filing of this offer will expedite the adjustment of tax liability.

2. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

3. If the taxpayer is a corporation, the agreement should be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

4. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

5. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust. If the trustee is signing this agreement on behalf of the trust and all beneficiaries, a Form 56 must be signed by the trustee. If an individual beneficiary is signing the agreement to bind themselves to the agreement, no Form 56 is needed.

6. If the partner is an LLC, the agreement should be signed by the manager of the LLC or other authority as authorized by State law. The signature line should show: [Name of LLC], by [Name of Manager], Followed by the title [Manager].

7. For a partner who is a subsidiary corporation in a consolidated group:

   • If the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning before June 28, 2002, the agreement should be signed by a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for the relevant consolidated return year(s). The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the common parent corporation, should be displayed in the signature block. See Treas. Reg. § 1.1502-77A(a).

   • If the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning on or after June 28, 2002, then a currently authorized officer of the subsidiary corporation should sign the agreement and should do so in the name of the subsidiary corporation. See Treas. Reg. § 1.1502-77(a)(6)(iii). The signature and title of a current officer of the subsidiary corporation, who is authorized to bind the corporation, should be displayed in the signature block. The agreement should also be signed

by a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for the relevant consolidated return year(s). The signature and title of a current officer of the common parent corporation, who is authorized to bind the common parent corporation, should also be displayed in the signature block.

8. For a partner who is the common parent corporation of a consolidated group, a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for such consolidated return year(s) should sign the agreement in the name of the common parent corporation. See Treas. Reg. § 1.1502-77(a).

9. If the Tax Matters Partner signs this offer, please include the title with the signature.

10. If the Tax Matters Partner is a subsidiary corporation in a consolidated group:

    • If the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning before June 28, 2002, then a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for such consolidated return year should sign the agreement on behalf of the Tax Matters Partner. The signature and title of a current officer of the common parent corporation, who is authorized to bind the common parent corporation, should be displayed in the signature block. See Treas. Reg. § 1.1502-77A(a). An authorized officer for the subsidiary corporation should also sign if, as the Tax Matters Partner, is binding non-notice partners under the agreement. The signature and title of a current officer of the subsidiary corporation, who is authorized to bind the corporation, should be displayed in the signature block

    • If the agreement is for a partnership year(s) ending on or before the last day of a consolidated return year beginning on or after June 28, 2002, then a currently authorized officer of the subsidiary corporation should sign the agreement in the name of the subsidiary corporation. See Treas. Reg. § 1.1502-77(a)(3)(v). The agreement should also be signed by a currently authorized officer of the corporation who was the common parent corporation of the consolidated group for the relevant consolidated return year(s). The signature and title of a current officer of the common parent corporation, who is authorized to bind the common parent corporation, should also be displayed in the signature block.

**NOTE:** The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

Department of the Treasury — **Internal Revenue Service**

## Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts

### SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| AT&T ADVERTISING LP (FKA SBC ADVERTISING, LP)<br><br>EIN | 12/31/2009 | | |
| DETAIL OF ADJUSTMENTS TO ORDINARY INCOME | | | |
| | | | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | $0.00 | | |
| OTHER ADJUSTMENTS | | | |
| A. (1) Sch K - Line 13d - Code T - Domestic Production Gross Receipts - DPGR | | | |
| (1) ADJUSTMENT | ($1,547,180,862.00) | | |
| (2) AS REPORTED | $1,547,180,862.00 | | |
| (3) CORRECTED | $0.00 | | |
| B. (1) Sch K - Line 13d - Code T - Expenses Directly Allocable to DPGR | | | |
| (1) ADJUSTMENT | $605,982,544.00 | | |
| (2) AS REPORTED | $605,982,544.00 | | |
| (3) CORRECTED | $0.00 | | |

REMARKS

All items not shown on this schedule of adjustments are accepted as filed.

Case 1:16-cv-00272-EJD   Document 14   Filed 04/07/16   Page 41 of 41

| Form **886-A**<br>(Rev. May 1980) | Department of the Treasury - Internal Revenue Service<br>**EXPLANATION OF ADJUSTMENTS** | Schedule No. |
|---|---|---|
| Name of Taxpayer(s)<br><br>AT&T ADVERTISING LP | | Year/Period<br><br>12/31/2009 |

## (1) Domestic Production Gross Receipts and Expenses Directly Allocable to DPGR

It is determined that for the taxable year ended 12/31/2009, AT&T Advertising LP (the Partnership) improperly designated $941,198,318 ($1,547,180,862 in domestic production gross receipts (DPGR) less $605,982,544 in expenses directly allocable to DPGR) as qualified production activities income (QPAI) for purposes of I.R.C. § 199. It is further determined that the Partnership has not established that qualified production property (QPP) was manufactured, produced, grown and/or extracted by the Partnership within the meaning of I.R.C. § 199. It is further determined that the Partnership has not established that it meets all of the requirements for determining QPAI under I.R.C. § 199, or that the QPAI passed through to its partners is permissible under any section of the Internal Revenue Code.

Form **886-a**-c (Rev. 5/80)